THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASHOOR AKHTEEBO, )
)
              Plaintiff, )
) Case No. 07 C 1093
)
    v. ) Magistrate Judge
) Arlander Keys
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
              Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 25, 2008, this Court issued a Memorandum Opinion

and Order denying the Commissioner's motion for summary judgment

and remanded Ashoor Akhteebo's claim for Disability Insurance

Benefits for further proceedings. *See Akhteebo v. Astrue*, No.

07-C-1093, Mem. Op. and Order (N.D.Ill. Feb. 25, 2008). Shortly

thereafter, Ms. Akhteebo's attorney petitioned the court for an

award of attorney's fees and costs under the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA allows for the award of fees and expenses to a

prevailing party in an action against the United States, except

where the Government can show that its position was substantially

justified. 28 U.S.C. § 2412(d)(1)(A). A position is

substantially justified if it was "grounded in '(1) a reasonable

basis in truth for the facts alleged; (2) a reasonable basis in

law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

Having won summary judgment in her favor and secured a remand, Ms. Akhteebo is the prevailing party and the Government offers no challenge in this respect. Furthermore, the Court granted summary judgment to Ms. Akhteebo, and denied the Commissioner's motion for summary judgment, because it found that the Administrative Law Judge ("ALJ") mischaracterized and ignored portions of a physician's report, failed to follow the social security regulations and the precedential law of this Circuit concerning credibility determinations and mentions of certain pertinent impairments. *See Akhteebo*, No. 07-C-1093, Mem. Op. and Order, at 3-4. When the ALJ violates judicial precedent and the Social Security Rulings and Regulations, both the ALJ's position and the Commissioner's defense of it are not substantially justified. *See, e.g., Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). Additionally, the Commissioner bears the ultimate burden of proving that his position was substantially justified. *Id.* (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner has offered no argument to counter Plaintiff's assertions that the

2

Government's position was not substantially justified, and thus, the Court finds that an award is appropriate under the EAJA.

With regard to the amount of the award, counsel seeks to recover fees for 59.2 hours of attorney time at the rate of $167.23/hour, 2.9 hours of legal assistant time at the rate of $85.00/hour, and costs in the amount of $350.00 for the district court filing fee. Thus, counsel requests total fees and costs in the amount of $10,496.51. Plaintiff's counsel arrived at the requested attorney rate by applying the statutorily allowed rate for cost of living increases, using the consumer price index, as permitted by 28 U.S.C. § 2412(d)(2)(A). The Government offers no challenge to these rates and the Court finds them to be reasonable.

The Government does challenge the actual number of hours of attorney time requested, claiming the stated number of 62 total hours of work for a "relatively routine" disability case, "involving a transcript of only 356 pages and only 230 pages of medical evidence," is excessive. (Def's Br. 2.) In support of his argument, the Commissioner compares this case to another, in which only 39 hours of district court work was necessary (along with 73.8 hours of appellate court work), for a case involving unusual aspects, such as tax law, and a rather large record of 459 pages. *Palmer v. Barnhart*, 227. F.Supp.2d 975, 978-79 (N.D.Ill. 2002).

The Government further asserts that the standard time claimed for a Social Security case is 20-40 hours, citing district court cases from California, New York, and Pennsylvania, and an appellate case from the 6th Circuit. (Def's Br. 2) (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n. 2 (W.D. Cal. 2000); *DiGennaro v. Bowen*, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); *Silva v. Brown*, 658 F.Supp. 72, 72 (E.D.Pa. 1987); *Chandler v. Secretary of Health and Human Servs.*, 792 F.2d 70, 72 (6th Cir. 1985)). Plaintiff, however, cites numerous cases from courts within the 7th Circuit allowing similar awards to that in which he requests. *See, e.g.*, *Barrientos v. Barnhart*, No. 00-C-7407, 2004 WL 1381126 (N.D.Ill. May 7, 2004); *Holland v. Barnhart*, No. 02-C-8398, 2004 WL 419871 (N.D.Ill. Feb 3, 2004); *Embry v. Barnhart*, No. 02-C-3821, 2003 WL 22478769 (N.D.Ill. Oct. 31, 2003).

While the Court does find the Plaintiff's numerous citations to awards issued for greater than 40 hours by courts within the 7th Circuit persuasive that the 40 hour maximum is not established precedent here, it does not find the cited cases necessarily persuasive that Plaintiff's 59.2 hours of attorney time is reasonable here. In just the cases cited above, for example, there are some immediately distinguishing factors: *Barrientos* involved a case that had been remanded, re-appealed to the district court, and remanded again before fees were awarded,

2004 WL 1381126, at *1-2; *Holland* involved additional memoranda beyond the ordinary briefs, 2004 WL 419871, at *2; and *Embry* contained an abnormally confusing hearing transcript, combined with a record in such a state as to require excessive time, 2003 WL 22478769, at *4. In contrast to these, the case at hand involved a relatively short record and nothing beyond the traditional briefs and reply.

The actual break down of hours with regard to brief preparation is as follows: Attorney Claudia Travis spent 34.5 hours drafting the initial brief, while supervising Attorney Barry Schultz spent 14.4 hours crafting the reply, with a full 11.1 in the actual drafting process. This switch between attorneys certainly created some excess review time in the preparation of the reply, but, as plaintiff explains, it was unavoidable as it resulted from Ms. Travis ending her employment with the firm. However, the numbers themselves are troubling in that Mr. Schultz, to draft a reply brief, took more than 40% of the time it took Ms. Travis to draft the original, despite the fact that virtually no new research was necessary and Mr. Schultz had 27 years experience to Ms. Travis' 7. As a result, the Court grants the Commissioner's request to reduce Mr. Schultz's hours by 3.4 (25%) to a total of 11.

With regard to Ms. Travis' hours, the Commissioner offers no argument as to which of the listed tasks, other than general

5

"time spent researching and drafting," was excessive. (Def.'s Br. 4.) Plaintiff argues that the case, as with all Social Security cases, involved a novel set of facts and a unique application of law to such facts. (Pl.'s Reply Br. 2.) However, while the Court acknowledges the general truth of this statement, there is little to suggest that the novelty of the facts in this case required the amount of time listed as dedicated to them. While the Plaintiff did file a 20-page brief, only five pages of it were dedicated to the facts. Yet the breakdown of hours includes researching, outlining, and drafting the facts until the end of 21 hours of work. While that time included some researching of arguments, as well, it did not include any drafting of the arguments requiring a revision of the facts section, which might possibly have justified such an amount of time. In comparison to the amount of time spent on the facts, the time specified for researching and drafting the arguments (about 14 hours, which also included some drafting of facts) seems much more appropriate. As Plaintiff points out, the application of law to fact is unique in each case, but neither was there any particularly unique aspect of the law requiring extensive research. The four hours time spent revising after comments from Mr. Schultz and drafting a motion to file in excess of the page limit seems reasonable to the Court. As such, because the main discrepancy is in the roughly 60% of the time

allocated for 25% of the work, the court will reduce that time by one-third (seven hours), to become 14 hours and thus 40% of the originally requested time.

This brings the total number of hours to 27.5 for Ms. Travis and 11 for Mr. Schultz, for a total of 38.5 hours of attorney time at 167.23/hr. This $6438.36, added to the $246.50 of assistant time and $350.00 for filing fees, brings the total to $7034.86.

## Conclusion

For the reasons stated above, the Court GRANTS the petition for fees and costs filed by counsel for Ms. Akhteebo, in the amended amount of $7034.86. Said amount is to be paid directly to Attorney Barry A. Schultz.

Date: July 23, 2008           E N T E R E D:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT

7